ADAM WOLFE, SURVIVOR, ETC. *v.* CYRUS BROWN.

In an action upon a guaranty indorsed on a note, thus : " We guaranty the
    collection of the within to Cyrus Brown," evidence may be received that
    the defendant was injured by the delay of notice that the note guarantied
    could not be collected.

THIS is a petition in error to reverse the judgment of the District Court of Morrow county, affirming the judgment of the Common Pleas.

A. & A. Wolfe, partners, held a note, of which the following is a copy :

"Due A. & A. Wolfe, or order, forty-eight dollars and two cents, for value received.   July 1, 1841.                         G. SALISBURY."

On the 24th of March, 1843, A. & A. Wolfe, (the defendant below being survivor,) transferred this note to the plaintiff below by indorsement, thus : " We guaranty the collection of the within to Cyrus Brown.   March 24, 1843.   A. & A. Wolfe."

On the 4th of April, 1843, Brown, for his use, and in the name of A. & A. Wolfe, obtained a judgment on the note, and on the same day execution was issued, and return made by the constable April 10, 1843, "no property found whereon to levy." July 25, 1843, another execution was issued with like return.

In 1852, Brown brought an action upon the guaranty. On the trial the defendant below moved the court to nonsuit the plaintiff below, because he gave no evidence tending to prove that he had given the defendant below notice that the note was not collectible.   The court overruled the motion.   The plaintiff in error then offered to prove that from and after the issuing of the execution in July, 1843, until 1846, Salisbury continued to have personal property sufficient to satisfy the above judgment; and that, in the fall of 1846, Salisbury, by reason of loss sustained by fire, became insolvent, and thereafter remained insolvent. This testimony, on motion of the plaintiff below, the court refused to

permit it to go to the jury. The verdict was for the plaintiff below, and judgment was entered thereon.

The plaintiff in error claims, that it was error to overrule his motion for a nonsuit, and to exclude this testimony.

The district court on error affirmed the judgment of the common pleas, and the judgment of affirmance is now sought to be reversed.

*S. Kirkwood, Beebe & Burns,* and *Powell & Buck,* and *J. W. Stinchcomb,* for plaintiff in error.

*Beebe & Burns,* cited the following authorities:

1st. As to notice by assignee to assignor. *Green* v. *Dodge et al.,* 14 Ohio Rep. 346; *Parker* v. *Riddle,* 11 Ohio Rep. 102; *Frazier* v. *Johnson,* Wright's Rep. 131; *Belmont Bank of St. Clairsville* v. *Beebe,* 6 Ohio Rep. 497; *Foote* v. *Brown, and Lewis* v. *Brewster,* (2 McLean) U. S. Dig., 2d Sup., p. 93, sec. 15; *Thrasher* v. *Eley,* 2 Saunders and Marsh. (Miss.) Rep.; *Patterson* v. *Reed,* (Watts & Sergeant) U. S. Dig., 2 Sup., p. 93, sec. 129.

2d. As to due diligence required in the collection of promissory notes negotiable according to Swan's Stat., pages 587, 588. *Davis* v. *Herrick,* 6 Ohio Rep. 55; *Vanderveer* v. *Wright,* (6 Barb.) U. S. An. Dig., Vol. 4, p. 246, sec. 13; *Williams* v. *Collins,* (2 Murphy N. C.) U. S. Dig., 2d Sup., p. 92, sec. 94; *Sylvester* v. *Downer,* (3 Washburn, 18 Vt.) U. S. An. Dig., Vol. 1, p. 290, secs. 4, 5, and 6.

3d. As to contract for further time. *Bever* v. *Butler & Hall,* Wright's Rep. 367; *Reddish* v. *Pentheuse et al.,* Ib. 538; *McComb* v. *Kettridge,* 14 Ohio Rep. 348; *Bank of Steubenville* v. *Leavitt & Carroll's Administrators,* 5 Ohio Rep. 131.

4th. As to loss by assignor not receiving due notice of non-collection. *Howe* v. *Nichols,* (9 Shipley) U. S. Dig., 2d Sup., p. 94, secs. 120, 121.

*Olds & Dalrymple,* for defendant in error:

On the part of defendant in error it is claimed;

1st. That upon the return of nulla bona by the officer on the

execution, Wolfe became liable without notice. *Kyle* v. *Green*, 14 Ohio Rep. 490.

2d. The return of nulla bona by the officer is conclusive in this case. *Hill* v. *Kling*, 4 Ohio Rep. 135 ; *Winchell* v. *Stiles*, 15 Mass. Rep. 230 ; *Bott* v. *Burnell*, 11 Mass. Rep. 163 ; *Lawrence* v. *Pond*, 17 Mass. Rep. 433 ; *Beam* v. *Parker et al.*, 17 Mass. Rep. 591.

3d. That to release the guarantor by an agreement to delay after return of nulla bona against the maker of the note, there must be a contract for a valid consideration, to wait a definite time, and must be such a contract as would tie up the hands of the guarantor, and prevent him from paying the debt and proceeding against the maker of the note. *Bank of Steubenville* v. *Carrol's Administrators*, Ohio Cond. Rep., Vol. 5, p. 131 ; *Jenkens* v. *Clarkson*, 6–7 Ohio Cond. Rep. 265.

J. R. SWAN, J. The case of *Bashford* v. *Shaw*, 4 Ohio St. Rep. 263, determines the question raised in this case upon the motion for a nonsuit.

The guaranty in this case was conditional, and no liability could accrue upon it against the defendant below, if the note against Salisbury could by reasonable diligence have been collected. The " collection " named in the guaranty required the plaintiff below to sue Salisbury to judgment, if the note could not be otherwise collected.

The law relating to demand and notice to charge indorsers of commercial paper, has no application to a case of this kind. This guaranty is a special agreement, to be enforced according to its terms. Demand upon the principal, and notice of non-payment to the guarantor, are in general required, because the terms of the guaranty are such that the guarantor was not to be liable unless upon certain conditions, of which he should have notice. The notice in such case need not, in general, be given with the same promptness as is required by mercantile law in respect to commercial paper ; and the delay to give the notice, affords the guarantor no defense, if in fact he could not have been injured by the delay.

In the case before us, the plaintiff below was bound to sue the note within a reasonable time. Notice that the note could not be collected, should also have been given within a reasonable time ; and if so long delayed that the defandant below was prejudiced thereby, it is clear that the defendant below must be discharged, at least to the extent that he may have been prejudiced thereby. It is true, that if the plaintiff below, immediately after the execution against Salisbury was returned " no goods," had given the defendant below notice under the guaranty, the return of the constable might have been, in the absence of all collusion, conclusive evidence that due diligence had been used to collect the note ; and the subsequent solvency or insolvency of Salisbury would not have affected the right of the plaintiff below to recover upon the guaranty. But the plaintiff below had, down to the year 1846, three years after the constable had made a return of " no goods," omitted to give notice that he had not collected the note. The defendant offered to prove that at this time (1846) Salisbury had personal property subject to levy and sale on execution, and that in the fall of that year, by reason of a loss by fire, he became insolvent. This testimony was overruled by the court. We think it should have been received, as it tended to show that the defendant below had been injured by delay in giving him notice that the note could not be collected.

*Judgment reversed.*